United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 13, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-60013
Summary Calendar

PAULINE ILLORSON,

Petitioner,

versus

ALBERTO R. GONZALES, U.S. ATTORNEY GENERAL,

Respondent.

Petition for Review from the Board of Immigration Appeals
(No. A 95 899 605)

Before BARKSDALE, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Pauline Illorson petitions this court for review of a final order of removal issued by

the Board of Immigration Appeals ("BIA") denying her requested relief from removal. For

the reasons which follow, we deny the petition for review.

---

[*] Pursuant to 5th Cir. R. 47.5, the Court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5th Cir.
R. 47.5.4.

## I. FACTS AND PROCEEDINGS

On September 4, 2002, the former Immigration and Naturalization Service ("INS") initiated removal proceedings against Illorson. She was charged with inadmissibility pursuant to the Immigration and Naturalization Act ("INA") §§ 212(a)(6)(A)(i) and 212(a)(7)(A)(i)(I). 8 U.S.C. §§ 1182(a)(6)(A)(i), (a)(7)(A)(i)(I). Illorson admitted to the charges of removability. On October 28, 2002, Illorson renewed her application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). In addition to her application, Illorson appeared at a hearing before the immigration judge ("IJ").

Illorson is a female citizen of Cameroon. She claims that she fled her native country because of persecution because of her political beliefs. In her application for asylum, Illorson stated that she, as well as her father and brother, were politically active in the Social Democratic Front Party ("SDF"). Her father was killed, and her brother injured, during SDF demonstrations. Illorson also joined the Southern Cameroon National Council ("SCNC"). She stated that, on one occasion in 1996, she was arrested for her political activities, and at that time, security guards raped her. On two other occasions, in 1999 and 2001, she was also detained for political activities. In 2002, she was warned that further activity would result in incarceration. In support of these claims, Illorson submitted affidavits from friends.

The IJ found Illorson ineligible for the relief sought. As an initial matter, the IJ found that Illorson's inconsistent testimony regarding her entry into the United States

2

prevented her from establishing eligibility for asylum because she could not show, by clear and convincing evidence, that she had filed her asylum application within one year of her arrival into this country. See 8 U.S.C. § 1158(a)(3). Specifically, the IJ noted that Illorson admitted, via counsel, that she entered the country at an unknown time and unknown place. At her hearing, however, Illorson testified that she was inspected and admitted in May 2002 at the Dallas/Fort Worth airport. In addition, the IJ found that Illorson failed to prove she qualified for an exception to the one year deadline.

With respect to Illorson's claims for withholding of removal and protection under CAT, the IJ found that Illorson was not credible. The IJ stated that, after reviewing her application, supplementary documentation, and her testimony, there were inconsistencies. The IJ detailed several inconsistencies that formed the foundation for his credibility determination. Among the problems identified by the IJ were (1) the discrepancy between Illorson's asylum application and her testimony regarding the number of times that she was arrested; (2) the inconsistent information concerning the office she held within the SCNC; (3) the discrepancy between her asylum application and her testimony regarding a detention in 2000; (4) the discrepancy between her testimony and the medical report submitted.

The BIA affirmed the decision and adopted the reasoning of the IJ. The order of the BIA stated that it agreed that Illorson had not demonstrated eligibility for asylum due to the lack of timeliness of her application and, further, that Illorson had not met her burden of proof with respect to her claims for withholding of removal and protection under CAT.

3

## II. STANDARD OF REVIEW

Where the BIA affirms the decision of IJ without opinion or additional explanation, then this court reviews the decision of the IJ. Moin v. Ashcroft, 335 F.3d 415, 418 (5th Cir. 2003). This court reviews decisions of the IJ under a deferential standard. For this court to reverse a factual finding, "the applicant must show that 'the evidence he presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution.'" Ontunez-Tursios v. Ashcroft, 303 F.3d 341, 351 (5th Cir. 2002) (quoting I.N.S. v. Elias-Zacarias, 502 U.S. 478, 481 (1992)). It is not enough that the evidence supports the conclusion to reverse; the evidence must compel it. Elias-Zacarias, 502 U.S. at 481 n.1. See also Lopez-Gomez v. Ashcroft, 263 F.3d 442, 444 (5th Cir. 2001).

Credibility determinations are within the province of the factfinder. Chun v. I.N.S., 40 F.3d 76, 78 (5th Cir. 1994). This court will not substitute its judgment for that of the IJ with respect to the credibility of witnesses or ultimate findings of fact based on credibility determinations. Zhao v. Gonzales, 404 F.3d 295, 306 (5th Cir. 2005). Moreover, this court will not review decisions turning entirely on the IJ's assessment of the alien petitioner's credibility. Chun, 40 F.3d at 78.

## III. DISCUSSION

A.    Illorson's Asylum Claim

The BIA agreed with the determination of the IJ that Illorson did not file her application for asylum in a timely fashion and is, therefore, not eligible for relief on this ground. Illorson only challenges the credibility determination. She does not challenge the

4

timeliness of her application on appeal, and as a result we need not address this claim.

B.      Illorson's Claims for Withholding of Removal and Protection under CAT

An alien may apply for withholding of removal under INA § 241(b)(3). 8 U.S.C. § 1231(b)(3)(A). Withholding of removal is granted if "the Attorney General decides that the alien's life or freedom would be threatened in that country because of the alien's race, religion, nationality, membership in a particular social group, or political opinion." Id. It is more difficult to qualify for withholding of removal than for asylum. Rivera-Cruz v. I.N.S., 948 F.2d 962, 966 (5th Cir. 1991). For withholding of removal, the alien must establish a "clear probability of persecution." Id. (citing I.N.S. v. Stevic, 467 U.S. 407, 413 (1984)). An alien may also apply for relief under CAT. The burden of proof is on the alien to establish that it is "more likely than not" that he will be tortured if removed to his home country. 8 C.F.R. § 208.16(c).

The sole issue briefed by Illorson on appeal is the credibility of her testimony. As this court has stated, "Credibility determinations are given great deference. . . [This court] cannot replace the Board or IJ's determinations concerning witness credibility or ultimate factual findings based on credibility determinations with its own determinations." Efe v. Ashcroft, 293 F.3d 899, 905 (5th Cir. 2002). In order to prevail, Illorson must show that the evidence compels a finding contrary to the one of the IJ. See Chun, 40 F.3d at 79.

Illorson does not address all of the inconsistencies cited by the IJ, and she only offers alternative reasons for them. She claims, for example, that she misstated the number of times that she was arrested because she was trying to give an shorter version of her story.

She states that the date on the medical report is erroneous perhaps due to poor technology in Cameroon. Illorson has not shown that the evidence presented compels a conclusion regarding her credibility contrary to the one reached by the IJ. Because the IJ had the benefit of observing Illorson's demeanor and behavior during her testimony, it was reasonable for him to make a credibility determination. The record supports the discrepancies identified by the IJ. In light of these facts, we conclude that the IJ's finding that Illorson was not a credible witness is supported by the record, and moreover, the contrary conclusion, that Illorson was credible, is not compelled by the record. See Chun, 40 F.3d at 79. Therefore, we may not reverse the IJ's finding.

## IV. CONCLUSION

Illorson's petition for review is DENIED.

6